**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 24 C 12487 |
| | ) ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) ) ) ) ) ) | Judge Charles P. Kocoras |
| Defendants. | | |

**ORDER**

Defendant JINNAN-US's motion to dismiss [85] is denied.  See Statement.

**STATEMENT**

This case arises out of the alleged infringement of Plaintiff's trademarks by over 80 defendants, including Defendant A3K19X9DNOLWWZ ("JINNAN-US").  Before the Court is JINNAN-US's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and improper joinder.

The following facts come from the Complaint and are assumed true for the purposes of this motion.  *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).  The Court accepts as true well-pleaded facts and draws all reasonable inferences in Plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff is the owner of Milwaukee Electric Tool Corporation ("Milwaukee"), a company that develops, manufactures, and markets power tools. Plaintiff owns various registered trademarks in connection with its business. Plaintiff's trademarks are distinctive and used to identify its merchandise as authentic products.

Defendants, including JINNAN-US, are international entities that engage in the business of selling counterfeit Milwaukee products to consumers via interactive commercial websites and online marketplaces such as Amazon, iOffer, and Temu. Defendants' business extends across the United States, including here in Illinois. Defendants use the Milwaukee trademarks for the advertisement, distribution, offering for sale, and sale of their counterfeit products.

Defendants design their online stores to appear as though they are selling genuine Milwaukee products. The stores often contain images and designs that could lead a consumer to believe that they are purchasing products from an authorized website. Defendants also use Milwaukee trademarks in the content and meta tags of their website to attract traffic to their website. Plaintiff emphasizes that it has not licensed or authorized Defendants to use Milwaukee trademarks and that none of the Defendants are authorized retailers of Milwaukee tool products.

To protect its brand, Plaintiff filed this suit against 84 defendants alleging: (1) federal trademark infringement and counterfeiting; (2) false designation of origin; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act. Defendant JINNAN-US moves to dismiss the claims against it, contending that the Complaint fails

2

to attribute any unlawful conduct specifically to JINNAN-US and that Plaintiff improperly joined the parties in this action.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the Complaint only needs to include "sufficient facts to state a claim for relief that is plausible on its face." *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (internal quotations omitted).

## DISCUSSION

### I. Sufficient Pleading under F.R.C.P. 8(a)

JINNAN-US first argues that Milwaukee failed to meaningfully differentiate among the Defendants in its Complaint, leading to confusion as to which claims pertain to which Defendant. Put differently, JINNAN-US takes issue with Plaintiff's group pleading. *See Cosby v. Rodriquez*, 711 F. Supp. 3d 983, 997 (N.D. Ill. 2024) ("Group pleading, in which a plaintiff refers to a collective group of defendants as opposed to specifically identifying individual action, can run afoul of these pleading requirements.") (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . .

3

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The key to satisfying Rule 8 is that [a plaintiff] "put[s] the defendants on notice of what exactly they might have done to violate [its] rights." *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. 2014). Because the Complaint fails to tie any of Plaintiff's trademarks to JINNAN-US specifically, JINNAN-US argues that the Complaint fails to put it on notice of the claims brought against it.

"Group pleading, however, is not per se improper. A complaint survives if any group pleadings, taken along with any individual pleadings, create the plausible inference that each defendant is liable." *Gorgas v. Amazon.com, Inc.*, 2023 WL 4209489, at *3 (N.D. Ill. 2023). "Under Federal Rule of Civil Procedure 8, collective pleading is permissible so long as the complaint places each defendant on notice of why they are being sued." *Green Dolphin Cap. LLC v. JPMorgan Chase Bank, N.A.*, 2020 WL 5545700, at *2 (N.D. Ill. 2020). We find that the Complaint meets this standard.

The Complaint "notified [JINNAN-US] which trademark registrations were infringed, how the trademark allegations were infringed, and that the infringement was done without authorization." Dkt. # 124 at 4. The Complaint also alleges that Defendants, including JINNAN-US, "deceive unknowing consumers by using the MILWAUKEE Trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MILWAUKEE TOOL products" and that Defendants "knowingly and willfully used and continue to use the MILWAUKEE

4

Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit MILWAUKEE TOOL products into the United States and Illinois over the Internet." *Id*. ¶ 16, 21. These allegations make it plausible that JINNAN-US infringed on Plaintiff's trademark rights. That is all the *Twombly/Iqbal* plausibility pleading standard requires. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly,* 550 U.S. at 570). JINNAN-US's motion to dismiss is denied on this issue.

## II.    Nominal Fair Use

JINNAN-US next argues that Plaintiff's claims against it should be dismissed because its use of the "MILWAUKEE" trademark is nominal fair use. Nominal fair use "occurs when the alleged infringer uses the trademark holder's mark to describe the trademark holder's product, even if the alleged infringer's ultimate goal is to describe his own product." *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2021 WL 5833986, at *3 (N.D. Ill. 2021) (internal quotations omitted).

The Seventh Circuit has yet to recognize the nominal fair use defense. *Slep–Tone Entertainment Corporation v. Coyne*, 41 F.Supp.3d 707, 717 (N.D. Ill. 2014) ("[i]t does not appear that any circuit has joined the Ninth Circuit's recognition of the nominative fair use defense."). We decline to adopt that defense here.

5

### III.    Improper Joinder

JINNAN-US's closing argument is that it was improperly joined as a party. Under Rule 20(a)(2), defendants may be joined in a single action only if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  "A party that seeks joinder bears the burden of demonstrating that joinder is proper under [Rule] 20(a)(2)."  *Damian v. EIN CAP, Inc.*, 2023 WL 2561586, at *2 (N.D. Ill. 2023) (internal quotations omitted).

Plaintiff alleges that Defendants are operating under the same transaction, occurrence, or series of transactions or occurrences "because (1) defendants use nondescript Seller Aliases; (2) no credible information regarding defendants' physical addresses is provided; and (3) defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement."  Dkt. # 124 at 18.  Plaintiff also argues that "[e]ven if defendants are not directly coordinating, Plaintiff alleges that defendants take advantage of a set of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders – to violate [Plaintiff's] designs with impunity."  *Id*. at 19.  Plaintiff also states that joinder at this stage serves to conserve judicial resources, as requiring Plaintiff to file cases against each Defendant

6

individually would be extremely cumbersome and would not benefit either the party or the Court. We agree.

The principles governing joinder guide us here. The purpose of the joinder doctrine is to conserve judicial resources, reduce redundancy, and to save costs. *See In re BitTorrent Copyright Infringement Cases*, 2013 WL 501443, at *1 (C.D. Ill. 2013). Forcing Plaintiff to file separate cases against 80 different defendants would be an undue burden for both Plaintiff and the courts. Plaintiff has met its burden of establishing that joinder is proper in this case. JINNAN-US's motion to dismiss for misjoinder is denied.

## IV.    Attorney's Fees

The Court denies JINNAN-US's motion for attorney fees, because it has not shown that this case is exceptional as required by 15 U.S.C. § 1117. Each party is responsible for their own expenses.

## CONCLUSION

For the foregoing reasons, Defendant JINNAN-US's motion to dismiss [85] is denied. It is so ordered.

Dated: 5/28/2025

Charles P. Kocoras
United States District Judge

7