IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) ) ) | |
| | ) | Case No. 24-cv-12487 |
| Plaintiff, | ) ) | |
| | ) | Judge Charles P. Kocoras |
| v. | ) ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF
## DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT

Plaintiff does not contest Moving Defendants' primary argument that the default judgment should be vacated under Article 15 of the Hague Convention. In fact, despite requesting both additional time and pages for its response, Plaintiff does not even acknowledge Defendants' argument or Article 15 of the Hague Convention. Plaintiff does not dispute that Article 15 applies to this case, or that its application requires the default judgment to be vacated. Therefore, for the reasons set forth in Moving Defendants' opening brief, (ECF 161, at 3-5), and the Court's previous decision in *Celine*, the default judgment should be vacated pursuant to Article 15 of the Hague Convention. *See Celine S.A. v. Partnerships & Unicorporate Associations Identified on Schedule "A"*, No. 24 C 6208, at *4-*6 2025 WL 712484 (N.D. Ill

1

Mar. 5, 2025) (vacating default judgment issued before six months had passed as "void under Article 15 of the Hague Convention"); *see also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 302 (2d Cir. 2005) ("a plaintiff should comply with Art. 15 before seeking a default judgment. Doing otherwise runs the risk that a default judgment will be vacated under Art. 15.").

Further, Plaintiff does not dispute that where Article 15 requires a default judgment to be vacated that alone is sufficient to render judgment. As the Court found in *Celine:*

> The implication of the Second Circuit's holding in *Burda* is that failure to comply with Article 15 alone is sufficient to vacate a default judgment. *See id.* Additionally, as discussed in Section A above, courts across the country have held that the conditions of Article 15 are mandatory, which carries the implication that noncompliance with those conditions would render a default judgment void. *See, e.g., See Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013); *Koch Minerals Sarl v. Bolivarian Republic of Venezuela,* 514 F. Supp. 3d 20, 35 (D.D.C. 2020); *Smart Study Co., Ltd. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1400 (S.D.N.Y. 2022); *Lonati, S.p.A. v. Soxtnet, Inc*., No. CV 20-5539, 2021 WL 9839476, at *2 (C.D. Cal. Sep. 20, 2021) (collecting cases).

*Celine*, Civ. No. 24 C 6208, at *7-*8. As the default judgment should be vacated under Article 15 and Plaintiff has not opposed Moving Defendants' motion to vacate on this ground, there is no need to address any of Plaintiff's arguments.

Notwithstanding, Plaintiff's arguments regarding Defendants' other grounds to vacate are not well-taken. In regard to whether and when Moving Defendants had notice of this Court's Default Judgment Order, (ECF 107), Plaintiff does not claim that it sent notice of the default judgment order to Moving Defendants. (ECF 178, at 4-5, 10, 12-13 (listing served documents which does not include Court's default judgment order). Contrary to Plaintiff's claim, notice of a filed motion is not the same as notice of an issued judgment. Plaintiff offers no evidence or argument that Moving Defendants had notice of the Court's issued Default Judgment Order before May 2025. Therefore, for the reasons set forth in Moving Defendants' Opening Brief, the

2

current Motion to Vacate is timely under Rule 60 as it was filed less than a month since Moving Defendants learned of the Default Judgment. (ECF 161, at 7; Kuang Decl., ¶9.)

In regard to Moving Defendants' fair use claim, Plaintiff misrepresents the law, misunderstands the point of Moving Defendants' fair use claim in regard to the current motion, and fails to address Moving Defendants' arguments. First, Plaintiff's statement that "the Seventh Circuit does not recognize 'nominative fair use' as a defense to trademark infringement" is incorrect. (ECF 178, at 15.) In fact, Plaintiff itself then later asserts that the Seventh Circuit has not addressed the nominative fair use defense. (*Id.*) Plaintiff then quotes from an opinion of this Court from over ten years ago, while not addressing any of the more recent cases cited in Moving Defendants' Opening Brief. As set forth in the Opening Brief, multiple courts have accepted and discussed the nominative fair use defense and adopted versions of it, including this Court. (ECF 161, at 8-11); *see also Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.*, 20 C 04711, at *2 2022 WL 16856414 (N.D. Ill. Nov 10, 2022) (stating it had entered a preliminary injunciton "[c]onsistent with nominative fair use principles) (citing *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.,* No. 20 C 04711, 2020 WL 7698368, at *6 (N.D. Ill. Dec. 28, 2020)). Courts simply differ in the specific factors, whether it is an affirmative defense that can be ruled on at the motion to dismiss stage, and whether the traditional likelihood of confusion test must also be determined before addressing nominative fair use. Plaintiff cites no case where the court ruled nominative fair use is not a defense to a trademark claim. In *Slep-Tone*, the Court simply determined that "because the complaint does not admit all the ingredients of the nominative fair use defense, the defense does not provide a basis for a Rule 12(b)(6) dismissal." *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3D 707, 718 (N.D. Ill. 2014).

Plaintiff then makes a confusing argument that it is premature to address trademark use issues at this stage of the case as they involve questions of fact. (ECF 178, at 16.) The point of Moving Defendants' fair use claim is to show that Moving Defendants have a meritorious defense. Moving Defendants do not need to prove their defenses in order to vacate a judgment, but only demonstrate that they have meritorious defense. Indeed, accepting Plaintiff's position that issues of trademark use cannot be resolved at the pleading stage, Moving Defendants could not be required to establish their fair use defense, nor could Plaintiff request the Court to summarily rule against Defendants on this issue.

Plaintiff's final argument is that "the 'nominative fair use' defense still fails because Moving Defendant's use of the MILWAUKEE word marks are likely to confuse consumers to believe that their products are associated with or sponsored by Plaintiff." (ECF 178, at 16.). Plaintiff's argument shows a fundamental misunderstanding of "fair use." As set forth in the Opening Brief, the Supreme Court has long recognized that: "Contrary to plaintiff's claim, some confusion is compatible with fair use." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121-22 (2004). Plaintiff's argument is inconsistent with its position that issues of trademark use cannot be decided at the pleading stage.

In sum, Plaintiff essentially claims that nominative fair use is not a valid defense based on a misrepresentation of the caselaw. Even accepting this misrepresentation, Moving Defendants have set forth alternative arguments under both nominative fair use and traditional fair use. (ECF 161, at 8-11.) Plaintiff has not addressed either and specifically has not addressed Moving Defendants' traditional fair use claim.

Lastly, Moving Defendants' arguments regarding email service and irregularities in the service of process raise valid arguments that have been accepted by courts outside of this District and that the Seventh Circuit has not yet been addressed. (ECF 161, at 12-16.) Regardless of whether this Court agrees with Moving Defendants' arguments, given their acceptance by other courts and the lack of consideration by the Seventh Circuit, they constitute a meritorious defense supporting Moving Defendants' motion to vacate the default judgment.

For these reasons and those set forth in Moving Defendants' Opening Brief, Moving Defendants respectfully submit that this Honorable Court should Vacate the Default Judgment, and Moving Defendants should be provided with a reasonable amount of time to appear, move to dismiss and to provide such other and further relief as the Court may deem just and proper.

Dated: July 7, 2025                                             Respectfully submitted,


<u>Sherry X. Wu, Esq.</u>
VSB No. 74259
Anova Law Group, PLLC
21495 Ridgetop Cir # 300
Sterling, VA 20166
Phone: 703-622-0573
Fax: 703-935-1394
sherry.wu@anovalaw.com
*PRO HAC VICE*

<u>/s/ Ge (Linda) Lei</u>
Ge (Linda) Lei, Esq.
Getech Law LLC
203 N LaSalle St #2100
Chicago, IL 60601
Phone: 312-888-6633
Fax: 217-970-1066
Email: linda.lei@getechlaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2025, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

<u>/s/ Ge (Linda) Lei</u>
Ge (Linda) Lei, Esq.
Getech Law LLC
203 N LaSalle St #2100
Chicago, IL 60601
Phone: 312-888-6633
Fax: 217-970-1066
Email: linda.lei@getechlaw.com
